IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ALICE ATKINSON; and
ALAN ATKINSON                                                                                        PLAINTIFFS

v.                                                   CIVIL ACTION NO. 1:22-cv-001-GHD-DAS

SAFEWAY INSURANCE COMPANY                                    DEFENDANT

<u>ORDER GRANTING UNOPPOSED MOTION TO DISMISS PLAINTIFF ALAN ATKINSON</u>

Presently before the Court in this vehicular accident insurance dispute is the Defendant's unopposed motion [3] to dismiss the Plaintiff Alan Atkinson from this lawsuit. Upon due consideration the Court finds that the motion should be granted and the Plaintiff Alan Atkinson's claims dismissed.

On December 7, 2021, the Plaintiffs filed their complaint [1-2] in the County Court of Lee County. In the complaint, the Plaintiff Alice Atkinson, who is a policyholder with the Defendant Safeway Insurance Company, asserts a claim for bad faith denial of insurance benefits and seeks punitive damages related to the alleged denial of benefits in connection with an automobile accident; in sum, the complaint seeks "actual damages in an amount no less than $75,000.00 together with reasonable punitive damages." [1-2 at pp. 2-4]. The Plaintiff Alan Atkinson does not specifically plead a cause of action in the complaint – he is not the policyholder of the subject policy nor does he own the subject vehicle that was involved in the accident that forms the basis of this lawsuit. Rather than asserting a cause of action, Mr. Atkinson simply demands damages for "help with cost to repair the vehicle" and mental anguish. [1-2, at pp. 4]. The Defendant has removed the action to this court, asserting diversity jurisdiction pursuant to 28 U.S.C. 1332 as the basis for federal jurisdiction [1]. The Plaintiffs have not sought to remand the action to state court.

The Defendant has now filed the present motion to dismiss, which the Plaintiffs do not oppose, moving to dismiss the Plaintiff Alan Atkinson as a Plaintiff pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, because Mr. Atkinson does not own the subject vehicle nor the subject policy of insurance and therefore, is not a real party in interest. Fed. R. Civ. P. 17(a); *Alexander v DLJ Mortg. Cap., Inc.*, No. 3:15CV293-TSL-RHW, 2016 WL 11613005, at *4 (S.D. Miss. July 5, 2016).

The Court finds that, because the Plaintiff Alan Atkinson is not the policyholder of the subject policy of insurance and was neither the owner nor driver of the subject vehicle, he has no real and substantial interest in the subject matter of this litigation and is, therefore, not a real party in interest. *Mississippi Mun. Liab. Plan v. Jordan*, 863 So. 2d 934, 941-42 (Miss. 2003); *Ensley v. Cody Res., Inc.*, 171 F.3d 315, 319-21 (5th Cir. 1999). Accordingly, he shall be dismissed from this lawsuit, and it shall proceed with Alice Atkinson as the sole Plaintiff. The Defendant's unopposed motion to dismiss Alan Atkinson as a Plaintiff shall therefore be granted and Atkinson's claims dismissed.

Accordingly, the Court hereby ORDERS that the Defendant's unopposed motion to dismiss the Plaintiff Alan Atkinson from this matter [3] is GRANTED; the Plaintiff Alan Atkinson's claims are hereby DISMISSED WITH PREJUDICE. This matter shall PROCEED with Alice Atkinson as the sole Plaintiff.

SO ORDERED, this, the 10 day of May, 2022.

_____
SENIOR U.S. DISTRICT JUDGE